# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

202.729.7461

Writer's E-mail Address
Howard.Schiffman@srz.com

July 9, 2021

**VIA ECF**

Hon. Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, NY  10007

> Re:  *Integrated Media Resources, LLC v. Morley et al*, Docket No. 1:21-cv-
> 04993

Dear Judge Cote:

I am a partner at the law firm Schulte Roth & Zabel LLP and we represent Defendants Jonathan Todd Morley and David Sams and Nominal Defendants G2 FMV, LLC and G2 Investment Group, LLC (collectively, "Defendants") in the above-referenced action.

We write to respectfully request an extension of the time for Defendants to respond to the complaint to August 30, 2021.  This is a complex derivative action involving alleged conduct dating back to 2014, in which the plaintiff has admittedly not made any demand and has failed to plead demand futility beyond conclusory allegations.  The nature of the complaint will require Defendants to file substantial motions to dismiss to fully address, which will take additional time.  The requested extension is especially appropriate given that Defendants are currently engaged in settlement discussions pursuant to Rule 408 of the Federal Rules of Evidence with principals of the plaintiff in an attempt to resolve the dispute and those discussions are continuing.  It would be inefficient and wasteful to require Defendants to respond to the complaint before seeing if the parties are able to resolve their dispute.  Moreover, the plaintiff has yet to serve defendants Antonio de la Rua and Maria Boyazny, so the case will not be delayed by granting the extension.  Accordingly, we are requesting the extension in order to allow for further settlement discussions and provide Defendants sufficient time to respond to the complaint in the event those settlement discussions are not successful.

Hon. Denise L. Cote
July 9, 2021
Page 2

Mr. Morley's response to the complaint is currently due on July 16, 2021, and Mr. Sams' response to the complaint is currently due on July 12, 2021.[1]  This is the first request for an extension of these deadlines.  We made numerous attempts to contact counsel for the plaintiff by telephone, email, and letter to request their consent to this extension or their reasons for refusing to consent.  Counsel for the plaintiff did not respond to the calls or emails until we sent a letter notifying them of our intent to seek an extension from the Court and requesting their consent.[2]  Counsel for the plaintiff then refused to consent this extension on the basis that the settlement talks do not adjourn the date to respond to the complaint, instead only agreeing to consent to Defendants responding to the complaint by July 15, 2021.[3]  This would constitute a mere three-day extension for Mr. Sams and would not even be an extension as to Mr. Morley.  More importantly, this would not leave sufficient time to continue settlement discussions, much less allow Defendants to prepare their response to the complaint if the settlement discussions should fail.  Beyond the unremarkable fact that settlement talks do not automatically adjourn the date to respond to the complaint, counsel for the plaintiff has not identified any other reason for refusing to consent to the extension and has not claimed that any prejudice to the plaintiff would result from the Court granting the extension.

We believe an extension until August 30, 2021 is appropriate and necessary to allow adequate time to see if the parties can resolve this case, and then, if the settlement discussions are not successful, to allow sufficient time for Defendants to prepare a response to the complex allegations in the complaint.  The complaint includes claims brought derivatively, double-derivatively, and directly, wherein the plaintiff, a sophisticated investor, made an investment that was fully disclosed to be risky and now claims to have lost money, when in reality even the plaintiff's alleged losses are far less than defendants themselves lost on the same investment.  These allegations potentially implicate a number of defenses including statute of limitations, demand futility, and others.  Thus, Defendants will need sufficient time to prepare a response if the parties are unable to resolve the dispute.

For the foregoing reasons, Defendants respectfully request that their request for an extension be granted.

Respectfully submitted,

/s/ Howard Schiffman

Howard Schiffman

*Granted.
Denise Cote
7/12/21*

cc:    Counsel of Record (via ECF)

---

[1] The Nominal Defendants G2 FMV, LLC and G2 Investment Group, LLC were served on June 14, 2021.
[2] A copy of the July 8, 2021 letter we sent to counsel for the plaintiff is attached hereto as Exhibit A.
[3] A copy of the July 8, 2021 email from counsel for the plaintiff, Mr. William A. Brewer, III, is attached hereto as Exhibit B.